TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
NISHA CHANDRAN (Cal. Bar No. 325345)
Assistant United States Attorney
Major Frauds Section
 1100 United States Courthouse
 312 North Spring Street
 Los Angeles, California 90012
 Telephone: (213) 894-2429
 Facsimile: (213) 894-0141
 E-mail:    nisha.chandran@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>     v.<br><br>EDWIN OSVALDO MANRIQUEZ and DANNY DURAN,<br><br>   Defendants. | No. 25-CR-582-AH<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT; DECLARATION OF DREW HAVENS<br><br>**CURRENT TRIAL DATE:**<br>May 26, 2026, at 8:30 a.m.<br><br>**[PROPOSED] TRIAL DATE:**<br>July 28, 2026, at 8:30 a.m.<br><br>**[PROPOSED] STATUS CONFERENCE:**<br>July 8, 2026, at 8:30 a.m. |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorney Kevin B. Reidy, and defendant EDWIN MANRIQUEZ ("defendant MANRIQUEZ"), both individually and by and through his counsel of record, Deputy Federal Public Defender Drew Havens, and defendant DANNY DURAN ("defendant DURAN"), both individually and by and through his counsel of record, Alejandro Barrientos, hereby stipulate as follows:

1.    The Indictment in this case was filed on July 11, 2025. (Dkt. 19.)

2.    Defendant MANRIQUEZ first appeared before a judicial officer of the court in which the charges in this case were pending on June 16, 2025.  (Dkt. 4.)  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence as to defendant MANRIQUEZ on or before September 19, 2025.

3.    On July 25, 2025, the Court set a trial date for defendant MANRIQUEZ of September 2, 2025, at 8:30 a.m. and a status conference of August 13, 2025, at 8:30 a.m.  (Dkt. 22.)  On July 29, 2025, the Court continued the status conference to August 20, 2025, at 9:30 a.m.  (Dkt. 23.)

4.    Defendant DURAN first appeared before a judicial officer of the court in which the charges were pending on August 11, 2025. (Dkt. 27.)  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence as to defendant DURAN on or before October 20, 2025.

5.    On August 11, 2025, the Court set a trial date for defendant DURAN of October 7, 2025, at 8:30 a.m. and a status conference of September 3, 2025, at 8:30 a.m.  (Dkt. 27.)

6.    Defendant MANRIQUEZ is detained pending trial and defendant DURAN is released on bond pending trial.  The parties estimate that the trial in this matter will last approximately 2-3 days.  All defendants are joined for trial and a severance has not been granted.

7.    The Court has previously continued the trial date in this case from September 2, 2025 and October 7, 2025, to February 17, 2026, and from February 17, 2026, to May 26, 2026, found the interim

periods to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.  (Dkt. 38, 44.)

8.    By this stipulation, defendants move to continue the trial date to July 28, 2026, at 8:30 a.m. and the status conference to July 8, 2026, at 8:30 a.m.  This is the third request for a continuance.

9.    Defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.    Defendants are charged with violations of 18 U.S.C. § 371: Conspiracy to Commit Assault on Federal Officer and Depredation of Government Property; 18 U.S.C. § 111(a)(1), (b): Assault on Federal Officer by Deadly or Dangerous Weapon; and 18 U.S.C. § 1361: Depredation of Government Property (Class A Misdemeanor).  The government has produced more than 3,700 pages of discovery to the defense, including law enforcement reports, video recordings, phone extractions, and photographs.

b.    Defense counsel for defendant MANRIQUEZ is presently scheduled to be trial in USA v. Steven Mateski, CR. No. 25-236-FLA, pending since August 2025, a one defendant non-complex, possession of unregistered firearms case, scheduled for trial on June 30, 2026. After two continuances, counsel plans to likely continue this date because of scheduling conflicts.  Accordingly, counsel for defendant MANRIQUEZ represents that he will not have the time that they believe is necessary to prepare to try this case on the current trial date.

c.    In addition, defense counsel for defendant MANRIQUEZ has other scheduling conflicts that are set forth in his accompanying declaration.

d.    In light of the foregoing, counsel represents that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e.    Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

f.    The government does not object to the continuance.

g.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

10.  For purposes of computing the date under the Speedy Trial Act by which defendants' trial must commence, the parties agree that the time period of May 26, 2026, to July 28, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible,

4

or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

//

//

11.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: January 6, 2025                    Respectfully submitted,


                                          TODD BLANCHE
                                          Deputy Attorney General

                                          BILAL A. ESSAYLI
                                          First Assistant United States
                                          Attorney

                                          ALEXANDER B. SCHWAB
                                          Assistant United States Attorney
                                          Acting Chief, Criminal Division


                                               /s/
                                          KEVIN B. REIDY
                                          Assistant United States Attorney

                                          Attorneys for Plaintiff
                                          UNITED STATES OF AMERICA

6

I am EDWIN MANRIQUEZ's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than July 28, 2026, is an informed and voluntary one.

_____     4/2/26
Drew Havens                         _____
Deputy Federal Public Defender      Date
Attorney for Defendant
EDWIN MANRIQUEZ


I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than July 28, 2026.

_____     4/2/26
EDWIN MANRIQUEZ                      _____
Defendant                           Date

7

I am DANNY DURAN's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than July 28, 2026, is an informed and voluntary one.

*/s/J. Alejandro Barrientos*                                  4/8/26
_____                      _____
                                                              Date
Alejandro Barrientos
Attorney for Defendant
DANNY DURAN

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than July 28, 2026. I understand that I will be ordered to appear in Courtroom 9C of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on July 8, 2026, at 8:30 a.m. for a status conference, and on July 28, 2026, at 8:30 a.m. for trial.

                                                              4/7/26
_____                      _____
                                                              Date
DANNY DURAN
Defendant

8